IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALVA CAMPBELL,

    Petitioner,

v.                                      Case No. 2:15-cv-1702
                                          JUDGE ALGENON L. MARBLEY
CHARLOTTE JENKINS, Warden,       Magistrate Judge Terence P. Kemp

    Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the Court for consideration of the Warden's Motion to Transfer (ECF No. 6), Petitioner's Response (ECF No. 7), and the Warden's Reply (ECF No. 8).

Petitioner Alva Campbell filed his second-in-time Petition in this Court on May 6, 2015. (ECF No. 1.)[1] Following this Court's May 8, 2015 order appointing counsel and setting a deadline for the Warden to respond to the Petition (ECF No. 3), the Warden filed the instant Motion to Transfer. (ECF No. 6.) Citing S.D. Ohio Civ. R. 3.1(b) and S.D. Ohio Crim. R. 57.2(h), the Warden asks this Court to transfer Petitioner's habeas corpus action to the docket of Walter H. Rice, as Judge Rice adjudicated Petitioner's prior habeas corpus action attacking the same judgment of conviction and sentence that Petitioner attacks in the second-in-time Petition

---

[1] Petitioner's original habeas corpus action was disposed of by the Honorable Walter H. Rice. 2008 WL 657536 and 2009 WL 773866. The Sixth Circuit affirmed Judge Rice's decision denying relief. *Campbell v. Bradshaw*, 674 F.3d 578 (6th Cir. 2012). The Supreme Court denied *certiorari* on October 29, 2012 and the Sixth Circuit issued the mandate on December 19, 2012. (ECF No. 1, at Page ID # 7-8.)

1

filed in this Court.  (ECF No. 6, at Page ID # 180.)  "By virtue of this relationship," the Warden asserts, "the instant action is sufficiently related to Campbell's prior habeas action that a transfer of this case to the docket of Judge Rice would be warranted."  (*Id*. at Page ID # 181 (citing S.D. Civ. R. 3.1(b)).)  The Warden also argues that S.D. Ohio Crim. R. 57.2(h), which governs procedures in death penalty cases, requires any subsequent habeas corpus petitions filed by the same applicant to be assigned to the judge who considered the prior habeas corpus petition.  (*Id*. at Page ID # 181.)

In response, Petitioner first notes that despite the fact that he indicated on the caption of his filing that his Petition was related to his initial habeas corpus case, the clerk's office nonetheless assigned the above case number and randomly assigned the case to District Judge Marbley and Magistrate Judge Kemp.  (ECF No. 7, at Page ID # 185.)  Beyond the foregoing, Petitioner also asserts that although "the conviction and sentence that [are] the subject of the current Petition are the same as the previous petition, the claims are different."  (*Id*. at Page ID # 186.)  Petitioner explains that his current Petition raises method-of-execution claims, while his prior Petition attacked the constitutional validity of the underlying conviction and sentence of death.  "Because the two Petitions are premised on distinctly different legal theories and do not overlap," Petitioner reasons, "they are not necessarily related cases pursuant to Local Rule 3.1" (*Id*.)  Although conceding that S.D. Ohio Crim. R. 57.2(h) governing death penalty cases is mandatory and requires that the instant case be assigned to Judge Rice, Petitioner appears to suggest that the "significantly different legal theory" at the heart of the instant case "may" override the mandatory language of S.D. Ohio Crim. R. 57.2(h).  (*Id*.)  In conclusion, Petitioner

states that the assignment or re-assignment of this case should be decided based on the Court's Local Rules and a consultation between the judges involved.  (*Id*. at Page ID # 187.)

The Court's local rule governing procedures in death penalty cases, S.D. Ohio Crim. R. 57.2(h), provides in relevant part:  "If the same petitioner has previously filed in this Court an application … for habeas corpus relief, the case shall be assigned to the judge who considered the prior matter."  S.D. Ohio Crim. R. 57.2(h).  The Court finds unpersuasive Campbell's suggestion that the legally distinct nature of the claims he raises in the instant Petition overrides the mandatory language of S.D. Ohio Crim. R. 57.2(h).  As the Warden correctly suggests in her Reply, Petitioner styled the instant action as a habeas corpus action pursuant to 28 U.S.C. § 2254.  Under the language of 28 U.S.C. § 2254(a), Petitioner is attacking in the instant Petition the same judgment of conviction and sentence that he attacked in his prior Petition.  (ECF No. 8, at Page ID # 188-189.)  Nothing about the legally distinct nature of the claims he has raised in the instant Petition alters that fact.  And that fact qualifies the instant case as related to Petitioner's prior case pursuant to S.D. Ohio Civ. R. 3.1(b)(1), as Petitioner appropriately acknowledged by indicating as much in the caption of the instant Petition.

For the foregoing reasons, the Warden's Motion to Transfer (ECF No. 6) is **GRANTED**.  The Clerk is **DIRECTED** to transfer this action to the Western Division of this court for assignment to the dockets of the Honorable Walter H. Rice and Magistrate Judge Michael Merz.

**IT IS SO ORDERED.**

  s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Judge**

3