# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ALVA E. CAMPBELL, JR.,

                    Petitioner,         :    Case No. 2:15-cv-1702

    - vs -                         District Judge Walter Herbert Rice
                                           Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                  :
                    Respondent.

---

## DECISION AND ORDER

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File an Amended Petition (ECF No. 12). The Warden opposes the Motion (ECF No. 13) and Campbell has filed a reply in support (ECF No. 14).

Shortly after the Motion became ripe, the case was transferred to District Judge Rice and the undersigned pursuant to S. D. Ohio Crim. R. 57.2(h) because of that was the random judicial assignment of Campbell's first habeas corpus case related to his capital sentence, Case No. 2:05-cv-193 (Order, ECF No. 15).

Motions to amend under Fed. R. Civ. P. 15 are non-dispositive under 28 U.S.C. § 636(b)(1)(A) and thus come within the decisional authority of Magistrate Judges in the first instance, in referred cases.

In a series of decisions earlier this month, the Magistrate Judge has considered what changes have been wrought in the jurisprudence of challenges to lethal injection executions by the Supreme Court's decision in *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2738 (2015). See

*Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 2, 2015); *Turner v. Hudson,* 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015); *Franklin v. Robinson*, 2015 U.S. Dist. (S.D. Ohio Sept. 10, 2015); *Raglin v. Mitchell*, Case No. 1:00-cv-767 (ECF No. 243).

Based on the reasoning in those decisions, Campbell's Motion for Leave to Amend is DENIED without prejudice to its renewal not later than October 13, 2015.  If Campbell does move again to amend, he must state plainly how the claims he wishes to plead here differ from those claims he has pled in *In re Ohio Lethal Injection Protocol Litig.,* Case No. 2:11-cv-1016.

In addition, this is Campbell's second in time habeas corpus petition directed to his capital conviction and death sentence.  The first petition was dismissed with prejudice and that judgment was affirmed on appeal.  *Campbell v. Bradshaw*, 674 F.3d 578 (3/21/2012); cert denied sub nom *Campbell v. Robinson*, 133 S. Ct. 527 (2012).   If Campbell moves to amend further, he must state his position as to why this is not a second or successive habeas petition on which this Court is without jurisdiction absent prior permission from the circuit court of appeals.

September 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

2