# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ALVA E. CAMPBELL, JR.,

        Petitioner,    :    Case No. 2:15-cv-1702

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

    :

        Respondent.

## ORDER DENYING MOTION TO TRANSFER WITHOUT PREJUDICE

This capital habeas corpus case is before the Court on the Warden's Motion to Transfer (ECF No. 30), incorrectly docketed as a motion to dismiss for lack of jurisdiction and then transfer to the Sixth Circuit.  Petitioner opposes the Motion (Response, ECF No. 32) and the Warden has filed a Reply in support (ECF No. 33).

A motion to determine that a habeas petition is second or successive and that it therefore requires permission of the Court of Appeals to proceed is a non-dispositive motion on which an assigned Magistrate Judge is to enter a decision, rather than make a recommendation to a District Judge.

The premise for a transfer order is a District Court determination that a particular habeas application is "second or successive" under 28 U.S.C. § 2244(b).  A District Court may not transfer a case to have the "second or successive" decision made by the circuit court in the first instance. .  *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re:*

*Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012).

On the day after the instant Motion became ripe for decision, the Magistrate Judge denied Petitioner's then-pending Motion to Amend without prejudice to its renewal not later than thirty days after the Sixth Circuit issues the mandate in *Adams v. Bradshaw*, ___ F.3d ___, 2016 U.S. App. LEXIS 4678 (6th Cir. Mar. 15, 2016)(*Adams II*)(ECF No. 34, PageID 689).  The reason for the delay is to receive the Sixth Circuit's clarification (or an eventual decision from the United States Supreme Court) of the impact of *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), on the jurisprudence resulting from *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011)(*Adams I*).

The Warden argues that "the issue of cognizability is distinct from the application of second petition rules. . . ." (Motion, ECF No. 30, PageID 654).  The Magistrate Judge agrees that they are distinct conceptually, but they have been entangled or at least intertwined in this Court's application of *Adams I*.  During the time between the decision in *Glossip* and the decision in *Adams II*, the undersigned spilled the digital equivalent of gallons ink attempting to apply *Glossip* faithfully, only to find that the decision in *Adams II* had been stayed pending *Glossip* and the Sixth Circuit's grappling with its implications.

But the decision in Adams *II* itself is not yet final.  As of the time of denial of the Motion to Amend (April 27, 2016), the Ohio Attorney General had a motion pending before the *Adams II* panel for clarification of its decision in light of *Glossip*.  The same considerations of judicial economy which applied to the Motion to Amend are also applicable to the instant Motion.

Accordingly, the Motion to Transfer is DENIED without prejudice to its renewal not later than thirty days after the mandate issues in *Adams II*.

May 10, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge