# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ALVA E. CAMPBELL, JR.,

        Petitioner,    :    Case No. 2:15-cv-1702

- vs -

    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

    :    Execution Date September 13, 2017

        Respondent.

## AMENDMENT AND SUPPLEMENT TO SECOND TRANSFER ORDER

    This capital habeas corpus case is before the Court on Petitioner's Renewed Motion for Leave to File an Amended Petition (ECF No. 47).  It is also before the Court on Petitioner's Appeal from the Second Transfer Order (ECF No. 48) and Judge Rice's Recommittal Order regarding that appeal (ECF No. 49).

    Campbell's intention is to re-plead his lethal injection grounds for relief in light of *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016)(*Adams III*).[1]  This Motion is to be distinguished from Campbell's January 11, 2017, Motion for Leave to File an Amended Petition to Address Newly Ripe Claims under *Hurst v. Florida* (ECF No. 37)(the "*Hurst* Motion"), which is the subject of the Second Transfer Order (ECF No. 46), presently pending on appeal to Judge Rice (ECF No. 48).

---

[1] Petitioner refers to this decision throughout his Motion as *Adams II*.  There are in fact three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case:  *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

1

Campbell proposes to plead four lethal injection grounds for relief arising respectively under the Eighth Amendment (First Ground), the Due Process or Privileges or Immunities Clause of the Fourteenth Amendment (Second Ground), the Equal Protection Clause of the Fourteenth Amendment under a class-of-one theory (Third Ground), and federal statutory law (Fourth Ground)(ECF No. 47-1, PageID 820-22). Campbell's original Petition in this case pleads grounds for relief arising under the Supremacy Clause (Ground One), Eighth Amendment (Grounds Two through Seven and Ten), Equal Protection Clause (Ground Eight), and Due Process Clause (Ground Nine)(ECF No. 1, PageID 3-4). Since all of Campbell's grounds in the original Petition in this case relate to lethal injection, and his proposed amendment reads "Grounds for Relief Related to lethal injection" and numbers those grounds from one through four, the Court reads the proposed amendment as intending to replace rather than supplement the originally pleaded lethal injection grounds.

This case is Campbell's second-in-time habeas corpus case addressing his conviction and sentence of death for the murder of Charles Dials in 1997. The first, Case No. 2:05-cv-193, ended in dismissal with prejudice which was affirmed. *Campbell v. Bradshaw*, 674 F.3d 578 (6th Cir. 2012), cert. denied, 133 S.Ct. 527. Concluding this case was also second-or-successive within the meaning of 28 U.S.C. § 2244(b), the Magistrate Judge previously ordered it transferred to the Sixth Circuit (ECF No. 28). Petitioner persuaded the circuit court that the Transfer Order had been "prematurely docketed" and the order was withdrawn on remand to allow Petitioner to "argu[e] the impact of *Adams [II]* on the issues dealt with in the [Transfer] Order." (ECF No. 28.) In due course the Magistrate Judge denied both Petitioner's Motion to Amend (ECF No. 19) and Respondent's Motion to Dismiss and Transfer (ECF No. 30) without prejudice to renewal not later than thirty days after the mandate in *Adams*, a date later extended

2

to March 8, 2017 (ECF No. 34, 35).

Petitioner's Motion to Amend does not address the second-or-successive issue. In opposing transfer of the *Hurst* Motion, Petitioner argued

> The courts of this district had consistently interpreted *Adams I* to mean that lethal-injection claims were cognizable in habeas, that petitions such as Campbell's were not second or successive petitions under 28 U.S.C. § 2244(b), and that because such claims were dependent on newly developed facts, those claims were not barred by the statute of limitations. *Adams* II [*Adams III*] reaffirms that state of the law.

(Response, ECF No. 42, PageID 777-78.) After extended discussion of the Supreme Court's second-or-successive jurisprudence, Campbell concluded "[n]ewly arising factual evidence demonstrating that Ohio cannot lawfully execute Campbell that was not available in the exercise of due diligence at the time Campbell litigated his initial petition, renders Campbell's proposed grounds for relief a proper second-in-time petition." *Id.* at PageID 784. Although other capital habeas petitioners have argued that *Hurst* claims are newly arising as of the date *Hurst* was decided, Campbell does not adopt that argument, at least expressly, preferring to rest on the conclusion that

> *Adams* II[2] restores the pre-*Glossip* precedent of the district and the circuit recognizing that lethal-injection claims that challenge the validity of a death sentence are cognizable in habeas; that the statute of limitations begins anew whenever the state adopts a new execution protocol because factual development is critical to proof of the claims; and that those grounds for relief do not constitute second-or-successive petitions.

*Id.* at PageID 790.

This conclusion is far too broad. Under *Adams I*, this Court did indeed allow lethal injection claims to be pled in habeas corpus. But it also allowed such claims to avoid the

---

[2] Actually referring to *Adams III*. See note 1, *supra*.

second-or-successive bar and the habeas corpus statute of limitations based on the underlying conclusion that such claims were "newly arising" whenever Ohio's lethal injection protocol was amended. These were **extensions** of *Adams I* which this Court thought were consistent with its logic.

When a court of appeals affirms its own precedent, it is does not, as a matter of logic, affirm all of the interpretations of that precedent by the lower courts. And in *Adams III* the Sixth Circuit did more than affirm *Adams I*; it clarified, to some extent, the kind of lethal injection claim that can be made in habeas.

## II. The constitutionality of Ohio's lethal injection protocol

Adams challenged the constitutionality of lethal injection on direct appeal, asserting that "[d]eath by lethal injection constitutes cruel and unusual punishment and denies due process under the state and federal constitutions." The Ohio Supreme Court rejected this claim, explaining it had "previously rejected similar arguments." *Adams*, 817 N.E.2d at 56 (citing *State v. Carter*, 89 Ohio St. 3d 593, 2000 Ohio 172, 734 N.E.2d 345, 358 (Ohio 2000)). Adams again challenged the constitutionality of execution by lethal injection in his federal habeas corpus petition. The district court denied this claim, noting that "lethal injection is the law of the republic. No federal court has found the lethal injection protocol to be unconstitutional." *Adams*, 484 F. Supp. 2d at 796 (citation omitted).

As an initial matter, we note our recent holding that lethal injection does not violate the Constitution. See *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate the Constitution per se . . . ."). In *Scott*, a similar challenge to the implementation of lethal injection was raised, as a panel of this court observed that "Scott's petition alleges that lethal injection 'inflicts torturous, gratuitous and inhumane pain, suffering and anguish upon the person executed.'" *Id*. at 511. Accordingly, the Ohio Supreme Court's denial of Adams's challenge to the constitutionality of lethal injection as a means of execution did not constitute an unreasonable application of Supreme Court precedent.

> The Supreme Court's decision in *Glossip* does not alter our precedent. *Glossip* concerned a 42 U.S.C. § 1983 action challenging Oklahoma's execution protocol. . . .
>
> Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." *Cf. Hill*, 547 U.S. at 580. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson [v. Campbell*, 124 S.Ct. 2117 (2004)], which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644. Thus, to the extent that *Adams* challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S.Ct. at 2738.

*Adams III*, 826 F.3d at 318-21 (6th Cir. 2016)(parallel citations omitted).

Thus *Adams III* does not endorse this Court's prior jurisprudence holding that lethal injection claims are newly arising whenever Ohio amends its lethal injection protocol. In recognizing that general challenges to lethal injection are cognizable in habeas, it implicitly raises the question why attempting to raise such claims in a second-in-time habeas petition is not an abuse of the writ and therefore second-or-successive. That is to say, why could a petitioner not include a general challenge in his first petition?

Because he has relied entirely on this Court's pre-*Glossip* jurisprudence on the point, Campbell has not attempted to explain why he could not have brought the claims he now

5

proposes to add as part of his original case. That case was filed in 2005 four years after lethal injection became the sole authorized method of execution in Ohio. He does not point to any Supreme Court precedent in the meantime which would make his claims "newly arising." Nor does he point to any constitutionally significant change in his own personal condition which is newly arising in the interim. Compare *Panetti v. Quarterman,* 551 U.S. 930 (2007).

The Sixth Circuit has recently confirmed that not only second-in-time habeas corpus cases are subject to second-or-successive analysis, but also motions in habeas corpus cases which attempt to add new claims. In *Moreland v. Robinson,* 813 F.3d 315 (6th Cir. 2016), the Petitioner simultaneously filed a motion for relief from judgment and a motion for leave to amend once the judgment was reopened. The Sixth Circuit held that both "motions are second or successive habeas petitions that the district court lacked jurisdiction to consider. Rather than denying Moreland's motions, the district court should have transferred them to this court to review as requests for permission to be filed." 813 F.3d at 319. More expansively, the Sixth Circuit wrote:

> Moreland's motions were second or successive petitions for habeas corpus relief that the district court lacked jurisdiction to review. Claims may not be presented in a second or successive petition for habeas corpus relief without permission from this court. 28 U.S.C. § 2244(b)(3); *Gonzalez v. Crosby*, 545 U.S. 524, 528, 532, 538, 125 S.Ct. 2641, 162 L. Ed. 2d 480 (2005). Failure to obtain precertification for the filing of such a petition deprives the district court of jurisdiction to adjudicate the claims raised in such a petition. *Burton v. Stewart*, 549 U.S. 147, 149, 152-53, 157, 127 S.Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam).
>
> Moreland's motions, although purportedly a Rule 60(b) motion and a post-judgment motion to amend, actually raise habeas claims. Rule 60(b) motions and motions to amend may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief. *Gonzalez*, 545 U.S. at 531-32; *Clark*, 764 F.3d at 658-59. Hence, when faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or

> successive application for habeas relief in disguise. *Gonzalez,* 545 U.S. at 530-31; *Clark [v. United States]*, 764 F.3d [653 . . . ,] 658-59. "[F]or the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez,* 545 U.S. at 530. A § 2244(b) claim is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* A movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits. *Id.* at 532 n.4. But he *is* making a habeas claim when he seeks to add a new ground for relief or seeks to present "new evidence in support of a claim already litigated." *Id.* at 531-32.

*Moreland,* 813 F.3d at 322-23.

Both the original Petition in this case and the instant Renewed Motion to Amend are second-or-successive habeas corpus applications. This Court therefore has no jurisdiction to consider them on the merits without permission of the circuit court. *Burton, supra*; *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). Instead, they must be transferred to the Sixth Circuit for its determination of whether they can proceed. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

In the Standard of Review section of his Objections, Campbell argues the Magistrate Judge was unauthorized to enter the Second Transfer Order because it the "functional equivalent to a dismissal for lack of jurisdiction." The Magistrate Judge disagrees. Granting a transfer for a determination under 28 U.S.C. § 244(b) is not listed as a dispositive matter excluded from Magistrate Judge decisional authority in 28 U.S.C. § 636(b)(1)(A). While that list has been held to be nonexclusive, no court to the undersigned's knowledge has ever held a transfer was dispositive and the Sixth Circuit has routinely accepted transfer orders entered by the undersigned. On the other hand, the Magistrate Judge agrees that the District Judge should exercise de novo review on the matter, since a pure question of law is involved and the standard of review on questions of law is always de novo.

The undersigned has already ordered that this case be

7

> TRANSFERRED to the Sixth Circuit Court of Appeals for a determination of whether the case may proceed, either on claims already made, sought to be made, or impending as of the March 8, 2017, expected motion. The effective date of this Order is STAYED until the expiration of the parties' time to appeal under Fed. R. Civ. P. 72(a) or such time as Judge Rice may dispose of any appeal.

(Second Transfer Order, ECF No. 46, PageID 808.)  The Second Transfer Order is SUPPLEMENTED with the foregoing analysis of the Renewed Motion to Amend (ECF No. 47) and, given that an appeal has been taken from that order, AMENDED to stay the effective date of the Second Transfer Order until such time as Judge Rice disposes of the appeal.

March 14, 2017.

s/ *Michael R. Merz*<br>
United States Magistrate Judge