# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ALVA E. CAMPBELL, JR.,

        Petitioner,    :    Case No. 2:15-cv-1702

  - vs -                         District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                              :    Execution Date September 13, 2017

        Respondent.

## SECOND SUPPLEMENTAL MEMORANDUM OPINION

This capital habeas corpus case is before the Court on Petitioner's Objections ("Objections," ECF No. 51) to the Magistrate Judge's Amendment and Supplement to Second Transfer Order ("Order," ECF No. 50)(reported at 2017 U.S. Dist. LEXIS 36305( S.D. Ohio Mar. 14, 2017). The Warden has responded (Response, ECF No. 53) and Judge Rice has recommitted the matter for further analysis by the Magistrate Judge before deciding the appeal (ECF No. 52).

It is undisputed that this case is Petitioner's second-in-time habeas application related to his conviction and sentence of death for a 1997 murder. His first case was dismissed with prejudice and that judgment is final. *Campbell v. Bradshaw*, 674 F.3d 578 (6th Cir. 2012), *cert den.* 133 S. Ct. 527 (2012). He filed the instant case May 6, 2015.

In the Second Transfer Order (ECF No. 46), the Magistrate Judge concluded Campbell's Motion to Amend (ECF No. 37) to add a claim under *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016), was itself a second-or-successive habeas application, relying on *Moreland v.*

1

*Robinson*, 813 F.3d 315, 319 (6th Cir. 2016). Applying the same logic, Campbell's Motion to Amend to re-plead lethal injection claims (ECF No. 47) was held to be a second-or-successive habeas application and the entire case was again ordered transferred to the Sixth Circuit for a determination on whether or not it may proceed.

# Analysis

I. **Cognizability of Lethal Injection Claims in Both Habeas Corpus and Civil Rights (42 U.S.C. 1983: Legal History**

Alva Campbell is a plaintiff in *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, the § 1983 litigation challenging Ohio's lethal injection protocol. Like all § 1983 injunctive litigation, it is forward looking. It seeks to enjoin Ohio from executing Campbell and others under the current protocol, which was adopted October 7, 2016. That protocol has already been the subject of extensive litigation, resulting in a preliminary injunction order enjoining its intended use in the executions of Ronald Phillips, Raymond Tibbetts, and Gary Otte. *In re: Ohio Execution Protocol Litig (Phillips, Tibbetts, & Otte)*, ___ F. Supp. 3d ___, 2017 U.S. Dist. LEXIS 11019 (S.D. Ohio Jan 26, 2017)(Merz, M.J.), presently pending on appeal to the Sixth Circuit.

A civil rights action under § 1983 offers the capital litigant many advantages over a habeas corpus action. Among other things, it is not subject to the second-or-successive limitation or the limits on discovery in habeas corpus. Because it is forward looking instead of focused on what happened in the state courts, it is not limited in the introduction of evidence imposed in habeas by § 2254(d) as interpreted in *Cullen v. Pinholster,* 563 U.S. 170 (2011).

2

It was in *Nelson v. Campbell,* 541 U.S. 637 (2004), that the Supreme Court first held that a means or method of execution claim could be brought in a § 1983 case, over the objection of state officials who insisted that such a claim had to be brought in habeas corpus and would, in Nelson's case, have been subject to the second-or-successive requirement imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  The Court unanimously concluded that Nelson's challenge to the method of execution (there a vein cut-down procedure) did not challenge his actual death sentence, it could be brought in a § 1983 action.

*Cooey v. Taft*, Case No. 2:04-cv-1156, a § 1983 action which is the direct predecessor of Case No. 2:11-cv-1016, was filed December 8, 2014, and references an earlier filing in Case No. 2:04-cv-532 on June 10, 2004, less than a month after *Nelson* was decided.  As consolidated in 2:11-cv-1016, *Cooey* remains pending.  The same organizations of attorneys who provide representation to plaintiffs in 2:11-cv-1016 – the Capital Habeas Units of the Office of the Federal Public Defender for the Southern and Northern Districts of Ohio and the Ohio Public Defender's Office – also represent most of the capital habeas corpus petitioners in this Court.  Thus the litigation context provides maximal opportunities for coordination of strategy.  To this Court's eye, those opportunities are never missed; if there are internal disagreements among the capital petitioners' bar, they are never apparent to this Court.

Petitioners' bar has had an apparent strategy for some years to have parallel habeas and § 1983 actions pending simultaneously on behalf of the same inmate.  Implementation of this strategy has been supported by the series of decisions of the Sixth Circuit in Stanley Adams habeas corpus case from the Northern District of Ohio, *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v.*

*Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

In *Adams I* the circuit court held, over Ohio's objection, that a challenge to the method of lethal injection could be brought in habeas corpus as well as in a § 1983 action.  That is to say, availability of the § 1983 cause of action did not logically imply the absence of a § 2254 cause of action.  Attempting to obey[1] *Adams I*, this Court permitted amendments of habeas petitions to add lethal injection claims and indeed treated those claims as newly-arising whenever Ohio's lethal injection protocol was amended.  Then the Supreme Court appeared to call this Court's practice into question with its decision in *Glossip v. Gross,* 135 S. Ct. 2726 (2015):

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* decision in *Hill v. McDonough*, 547 U. S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In Hill, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.,* at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. Id., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S. Ct. at 2738 (2015).  Changing courses, this Court concluded the "must be brought" language precluded what it had been doing under *Adams I*.  Then, in *Adams II* as clarified by *Adams III* , the Sixth Circuit decided *Glossip* did not implicitly overrule *Adams I:*

---

[1] The Objections accused the Magistrate Judge of disobedience to the prior Recommittal Order by "not directly address[ing] the arguments raised by Campbell in his Objections to the Transfer Order (ECF No. 48), despite the Recommittal Order's express instructions."  Disobedience by a lower court judge, especially a Magistrate Judge, to orders of a higher court?  Heaven forfend!  If any such failure be found, let it be attributed to stupidity rather than willfulness.  *Obedientia est legis essentia.*

4

Adams challenged the constitutionality of lethal injection on direct appeal, asserting that "[d]eath by lethal injection constitutes cruel and unusual punishment and denies due process under the state and federal constitutions." The Ohio Supreme Court rejected this claim, explaining it had "previously rejected similar arguments." *Adams*, 817 N.E.2d at 56 (citing *State v. Carter*, 89 Ohio St. 3d 593, 2000 Ohio 172, 734 N.E.2d 345, 358 (Ohio 2000)). Adams again challenged the constitutionality of execution by lethal injection in his federal habeas corpus petition. The district court denied this claim, noting that "lethal injection is the law of the republic. No federal court has found the lethal injection protocol to be unconstitutional." *Adams*, 484 F. Supp. 2d at 796 (citation omitted).

As an initial matter, we note our recent holding that lethal injection does not violate the Constitution. See *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate the Constitution per se . . . ."). In *Scott*, a similar challenge to the implementation of lethal injection was raised, as a panel of this court observed that "Scott's petition alleges that lethal injection 'inflicts torturous, gratuitous and inhumane pain, suffering and anguish upon the person executed.'" Id. at 511. Accordingly, the Ohio Supreme Court's denial of Adams's challenge to the constitutionality of lethal injection as a means of execution did not constitute an unreasonable application of Supreme Court precedent.

The Supreme Court's decision in *Glossip* does not alter our precedent. *Glossip* concerned a 42 U.S.C. § 1983 action challenging Oklahoma's execution protocol. . . .

Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S. Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." Cf. *Hill*, 547 U.S. at 580. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson*, which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to

5

>permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644. Thus, to the extent that Adams challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S. Ct. at 2738.

*Adams v. Bradshaw*, 826 F.3d 306, 320-21 (6th Cir. 2016).

## II.    Cognizability of Lethal Injection Claims in Both Habeas Corpus and Civil Rights (42 U.S.C. 1983:  Present Law

As this Magistrate Judge understands it, the current state of the law in the Sixth Circuit is that habeas corpus will lie to challenge "the constitutionality of lethal injection in general" in that "lethal injection cannot be administered in a constitutional manner, and [that] claim 'could render his death sentence effectively invalid.'" *Adams III* , quoting *Hill v. McDonough*, 547 U.S. at 580.  Although the *Adams* court did not say so explicitly, it is obvious the same claim can also be made in a § 1983 action seeking permanent injunctive relief.  Indeed Stanley Adams has done so in *In re:  Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016.  Of course as a § 1983 plaintiff, a death row inmate must plead a constitutional alternative method of execution. *Glossip, supra*.

Campbell's Renewed Motion to Amend (ECF No. 47) proposes to substitute four grounds for relief related to lethal injection for the nine grounds for relief in his original Petition in this case[2].  His Renewed Motion emphasizes that his claims are not so general as to be a claims that lethal injection is per se unconstitutional.  Instead, he asserts his execution by lethal

---

[2] Hence there is no longer any need to consider whether the original Petition in this case was second-of-successive, since Campbell proposes to replace it with an amended petition.

injection would be unconstitutional on the basis of some facts which are particular to him (his "individual characteristics") and some facts which are applicable to all death row inmates but have changed and may continue to change, e.g., the particular drugs Ohio presently plans to use, the availability and present legality of use of those or others drugs, the "unavoidable variations in Ohio's lethal-injection system," etc. (Campbell's proposed claims are set forth in Exhibit 1 to his Renewed Motion (ECF No. 47-1.)

*Adams III* reduces the same **substantive** differences between lethal injection claim(s) made in habeas corpus and § 1983. But *Adams III* does not elide the **procedural** differences between habeas corpus and § 1983. The opinion does seem to contemplate introduction of evidence in habeas of facts that have occurred after the filing, e.g., of executions carried out in unconstitutional ways as proof that the State cannot constitutionally carry out an execution. But *Adams III* does not discuss any implications it may have for the second-or-successive prerequisite or the statute of limitations.

Campbell's position does elide the procedural differences. He argues that his amendment is not second-or-successive because it "asserts claim with predicates that arose after the filing of the original petition." (Objections, ECF No. 51, PageID 955, citing *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010), and *Panetti v. Quarterman,* 551 U.S. 930, 943-44 (2007).

In *Jones,* the petitioner sought authorization to file a second-or-successive habeas petition to challenge to a change in the state parole system which was being applied to him in violation of the Ex Post Facto Clause. The Sixth Circuit noted that any ex post facto challenge in his original petition would have been premature because the contested changes to parole had not yet happened. In *Panetti* the Supreme Court allowed a second petition to challenge competence to be executed where the asserted facts of incompetence did not exist when the original petition was

pending.

Neither *Jones* nor *Panetti* supports finding the Renewed Motion is not second-or-successive because each of them is based on changes that occurred after his first petition. On the other hand, Campbell filed his original habeas corpus petition on March 1, 2005 (ECF No. 12 in Case No. 2:05-cv-193). Counsel who represent him in this habeas case were then already of record as counsel in *Cooey v. Taft, supra*, and challenging Ohio's method of execution generally. Lethal injection had already been at that time Ohio's sole authorized method of execution since late 2001. Campbell did not plead a lethal injection ground for relief of any kind in his original Petition. In light of the pendency of *Cooey v. Taft,* failure to do so was an abuse of the writ and therefore the Renewed Motion is a second-or-successive habeas application.

Assuming Campbell would dispute this analysis and claim that his proposed lethal injection grounds for relief in the Renewed Motion arose at some date after he failed his original habeas petition, what date does he claim? If they arose before his original case was dismissed on March 18, 2009, what excuse does he have for not seeking to amend the original Petition?

In fact, Campbell does not claim a particular date on which he says his proposed lethal injection claims arose. Instead he asserts "[n]ewly adopted execution protocols and newly-discovered evidence, in addition to changing and developing health characteristics, create new factual predicates for these claims." (Objections, ECF No. 51, PageID 956). Adopting an interpretation of "second-or-successive" which was broad enough to encompass this position would essentially read the second-or-successive prerequisite out of the AEDPA for capital habeas cases. And for that matter, everyone's "health characteristics" are constantly "changing and developing." Which changes are material enough to fit within *Panetti*? Campbell does not take a position here either.

The district court must decide in the first instance whether a petition is second or successive. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). When the District Court errs in that determination, the practice of the Sixth Circuit has been to find that permission to proceed is unnecessary and to remand the case. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017). A capital petitioner is unharmed by that procedure because he will avoid execution in the interim.

On the other hand, if the Court accepts Campbell's position that the Renewed Motion is not second-or-successive and proceeds to adjudicate the case, and the Sixth Circuit later decides the Renewed Motion is second-or-successive, this Court will have proceeded without jurisdiction. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). If the Court were to grant the writ and then be found to have done so without jurisdiction, the Sixth Circuit is unlikely to find the error was harmless. Campbell would then have a writ that was void for lack of jurisdiction, hardly helpful to his position.

**Conclusion**

The Magistrate Judge remains persuaded that the Renewed Motion is a second-of-successive habeas application. Campbell's theory that his lethal injection claims are newly arising every time the protocol changes or he discovers new relevant facts would completely undermine second-or-successive analysis in capital habeas cases. If that is what the Sixth Circuit intended in *Adams III*, it should have the opportunity to say so. This case should therefore be

9

transferred to the Sixth Circuit for a determination of whether it can proceed.

This conclusion is in addition to the conclusion that Campbell's proposed claims under *Hurst v. Florida* are second or successive and must also be transferred under *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

March 31, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge